## BROWN–CRUMMER INV. CO. v. CITY OF MIAMI, OKL.

### No. 472.

District Court, N. D. Oklahoma.

May 2, 1930.

Twyford & Smith, of Oklahoma City, Okl., and Elcock & Martin, of Wichita, Kan., for plaintiff.

A. G. Croninger, of Miami, Okl., for defendant.

KENNAMER, District Judge.

The complainant brought this action upon special assessment bonds issued on various improvement districts by the city of Miami, Okl., to have determined the amount due upon said bonds, and for an accounting of the amount of interest and penalties collected by the city to be applied to the payment of complainant's bonds. Complainant alleges that these funds were received by the city, placed in the street repair fund, and are now on hand therein. The defendant answered admitting that the funds were so received and so placed, but denies that they are still on hand. The cause has been submitted to the court upon the evidence introduced and the stipulations made by the parties. The stipulation filed shows that the complainant is the holder of the following bonds and the amount due thereon:

| | |
|---|---|
| District No. 9 | $26,000.00 |
| District No. 11 | 15,000.00 |
| District No. 14 | 16,000.00 |
| District No. 15 | 11,000.00 |
| District No. 16 | 4,000.00 |
| District No. 17 | 7,500.00 |

The stipulation further shows that the amount of penalties collected by the county treasurer of Ottowa county on delinquent paving assessments, on property located in the paving districts involved in the action, is $8,047.33, and that this amount was turned over by the county treasurer to the city of Miami, and by the officers of said city placed in the street repair fund. Complainant prays upon the final hearing that it recover from the city the sum of $8,047.33, together with such other and further sums as on said accounting may be found to be due, and in addition thereto, interest at the rate of 6 per cent. per annum from the respective dates on which the various installments and collection of penalties and other sums were received by the defendant city. The bonds of the complainant bear 6 per cent. interest per annum, and are payable solely from the fund created by the collection of the assessments which have been levied upon the lots and tracts of land benefited by the improvements, and accumulation of surplus, interest, and penalties thereon.

Section 639, Revised Laws of Oklahoma 1910, section 4614, Compiled Oklahoma Statutes 1921, provides: "The bonds herein provided for shall be payable on or before ten years after their date, as herein provided, with interest at the rate of six per cent per annum, payable annually. Said bonds shall be designated as 'Street Improvement Bonds,' and shall recite the street or streets, or parts of the street or streets, or other public places, for the improvement of which

they have been issued, and that they are payable from the assessments which have been levied upon the lots and tracts of land benefited by said improvement, and from the accumulation of the surplus interest and penalties herein provided for."

Section 642, Revised Laws of Oklahoma 1910, section 4617, Compiled Oklahoma Statutes 1921, provides: "The assessments provided for and levied under the provisions of this article shall be payable as the several installments become due, together with the interest thereon, to the city clerk of such city, who shall give proper receipts for such payments, and credit the same upon the street assessment record. The city clerk shall be required to execute a good and sufficient bond, with securities, and in an amount to be approved by the mayor and council, payable to the city, conditioned for the faithful performance of the duties enjoined upon him by this article as collector of said assessments. It shall be the duty of the city clerk to keep an accurate account of all such collections by him made, and to pay to the city treasurer daily the amounts of such assessments collected by him, and the amounts so collected and paid to the city treasurer shall constitute a separate special fund to be used and applied to the payment of such bonds and the interest thereon, as herein provided."

Section 4616, Compiled Oklahoma Statutes 1921, makes provision for calling in and the payment of bonds with accrued interest whenever there shall be sufficient "proceeds of installments on assessments, together with the interest and penalty hereinbefore mentioned, amounting to a sum sufficient to redeem not less than five thousand dollars' worth of said bonds at par, with accrued interest." Section 4 of chapter 48, Laws of 1919, section 4623, Compiled Oklahoma Statutes 1921, provides: "All penalties for delinquent taxes, including penalties on special assessments and the interest on bonds for paving or other special assessment bonds, over and above the amount specified in the face thereof, shall be and become the property of the city and shall be collected by the county treasurer, it being the intent of this provision to have such penalties go to the street repair fund of cities of the first class. All other penalties for delinquent taxes upon property situated within the corporate limits of any city of the first class, except where the same may have been bid in by some individual person or corporation, shall also go into the city street repair fund of cities of the first class and shall be used solely for the purpose of repairing and reconstructing streets and alleys which have heretofore been paved or macadamized."

It is the contention of counsel for the defendant that the action of the city in placing the penalties accruing on street improvement bonds in the street repair fund was authorized by the last above-quoted statute. This contention ignores that part of the statute which provides that the fund created by the collection of penalties must first be used in retiring the bonds outstanding against the improvement district. It is only where a surplus accumulates over and above the amount necessary to retire due bonds, together with legal interest, that the city may use such fund for the improvement and repair of streets. A consideration of all the applicable provisions of the various statutes clearly evidences a legislative intention to first have the fund arising from the collection of penalties on past due assessments used in the retirement of the bonds, together with accrued interest, before there would be any surplus of such fund that the law would authorize to be placed in the street repair fund. The primary purpose of the fund was, first, to retire the bonds with accrued interest for which the assessments were authorized by the Legislature to be made and such bonds issued, and secondly, that if there exists any surplus after the retirement of such bonds, that it be used for the repair of streets.

The assessments and penalties collected by the city for the retirement of the bonds constitutes a trust fund, and may be used only for the particular purpose for which it was assessed and collected, and the city is without authority to divert the fund to any other use until all the bonds with accrued interest have been retired. Spitzer v. City of El Reno, 41 Okl. 430, 138 P. 797. The relationship between the city and the bondholder is that of an express trust created by law, in which the city is the trustee and the bondholder the cestui que trust. Peake v. City of New Orleans, 139 U. S. 342, 11 S. Ct. 541, 35 L. Ed. 131; City of New Orleans v. Warner, 175 U. S. 120, 20 S. Ct. 44, 44 L. Ed. 96.

The defendant interposed as a defense the statute of limitations contained in section 185, Compiled Oklahoma Statutes 1921, providing that actions other than for the recovery of real property can only be brought within the following periods: Five years, an action upon any contract, agreement or promise in writing; and within three years, an action upon a contract, expressed or implied, not in writing. There is no merit in this contention. All of the bonds owned by

the plaintiff have only become due within the past two years, and no statute of limitations could possibly be said to have run against the bonds. Furthermore, this being an action in equity for an accounting for trust funds, and being the proper subject for such an action, the doctrine of laches is to govern rather than the statute of limitations. In my opinion the action has been timely brought, the complainant has not been guilty of laches, and the statute of limitations or the doctrine of laches is not applicable. This is obvious without the necessity of delving into a consideration of the subject-matter of this action constituting a trust, which involves different rules of law concerning limitations. It is a well-established rule that lapse of time is no bar to the enforcement of an expressed trust, clearly established, for the reason that the possession of the trustee is presumed to be the possession of the cestui que trust.

Decree should be entered for complainant for an accounting. The accounting should cover the items received by the defendant, city of Miami, on account of the special assessment bonds sued on herein, which shall include collections of principal, interest, and penalties. Complainant is entitled to judgment for all sums collected by the defendant city and applied by it to the street repair fund, or for any other purpose than for the retirement of the bonds in accordance with the provisions of the statute. An accounting is hereby ordered to ascertain the amount of funds so collected by the city and placed in the street repair fund and not applied to the retirement of the bonds as provided by law.